# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ESTATE OF BRION E. SPIDLE, *Deceased, by and through its Successors-in- Interest, B.S. and E.S., minor children*, et al.,

Plaintiffs,

v.

JERRY OURIQUE,

Defendant.

Case No. 1:26-cv-04920-SAB

ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM AND APPOINTING BRITTANY JACKSON AS GUARDIAN AD LITEM FOR B.S. AND E.S.

(ECF No. 4)

Before the Court is movant Brittany Jackson's petition for appointment of herself as guardian ad litem for Plaintiffs B.S. and E.S., minors. (ECF No. 4.) These Plaintiffs are the minor children of decedent Brion Spidle, who died following an attack while in custody at Pleasant Valley State Prison. (ECF No. 1, ¶¶ 5-7, 36.) Minor children Plaintiffs and the Estate of Brion Spidle bring various causes of action relating to the alleged wrongful death of decedent. Brittany Jackson seeks an order appointing her, the mother of Plaintiff B.S. and E.S.,[1] as guardian ad litem for the minor children. For the following reasons, the Court will grant the petition.

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is

---

[1] Jackson was also the fiancée of the decedent.

unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6500. A minor may bring suit as long as a guardian conducts the proceedings and the court may appoint a guardian ad litem to protect the minor's interests in the litigation. Cal. Fam. Code § 6601; Cal. Civ. Proc. Code § 372(a); Williams v. Super. Ct., 147 Cal. App. 4th 36, 46-47 (2007).

The court "has broad discretion in ruling on a guardian ad litem application." Williams, 147 Cal. App. 4th at 47. In the case of parent representatives, "'[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." Id. at 49, quoting M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977). Thus, "if the parent has an actual or potential conflict of interest with his [or her] child, the parent has no right to control or influence the child's litigation." Id. at 50. If, on the other hand, "a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." J.M. v. Liberty Union High Sch. Dist., No. 16-cv-05225-LB, 2016 WL 4942999, at *1 (N.D. Cal. Sept. 16, 2016) (citing cases). "'In the absence of a conflict of interest, the appointment is usually made on application only and involves little exercise of discretion.'" Williams, 147 Cal. App. 4th at 47 (internal ellipsis omitted), quoting In re Marriage of Caballero, 27 Cal. App. 4th 1139, 1149 (1994).

Plaintiffs B.S. and E.S. are the minor children of decedent and Jackson. (ECF No. 4-1, Declarations of Brittany Jackson, ¶ 3.)[2] Plaintiffs B.S. and E.S. bring causes of action against Defendant on which a suit could be brought in this Court, pursuant to 42 U.S.C. § 1983. (ECF No. 1, pp. 2, 17-29.) A parent may serve as guardian ad litem if the parent does not have an adverse interest. Williams, 147 Cal. App. 4th at 47. Jackson's petitions to appoint herself as

---

[2] Jackson submits a declaration for each minor child. (ECF No. 4-1.) The declarations mirror the relevant information conveyed in all paragraphs, and therefore, the Court cites to one paragraph for both declarations.

B.S.'s and E.S.'s guardian ad litem (ECF No. 4-1, ¶ 1), and the Court finds no conflicts in their claims. See J.M., 2016 WL 4942999, at *2 ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest.").

Accordingly, it is HEREBY ORDERED that:

1. The petition to appoint a guardian ad litem (ECF No. 4) is GRANTED; and

2. Brittany Jackson is appointed as guardian ad litem for minors B.S. and E.S.

IT IS SO ORDERED.

Dated:  **June 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge