# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BRION E. SPIDLE, *Deceased, by and through its Successors-in-Interest, B.S. and E.S., minor children*, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JERRY OURIQUE,<br><br>Defendant. | Case No. 1:26-cv-04920-KES-SAB<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO VACATE AND CONTINUE THE SCHEDULING CONFERENCE AND RELATED DEADLINES<br><br>(ECF No. 16) |

Pending before the Court is Defendant's administrative motion to vacate the initial scheduling conference. (ECF No. 16.) Plaintiffs have timely filed an opposition to the motion. (ECF No. 17.) Essentially, Defendant seeks to vacate the initial scheduling conference to be reset sixty days following the disposition of the recently filed motion to dismiss. (See ECF No. 15.)

In Plaintiffs' opposition, they proffer that vacating the initial scheduling conference at this time would be improper because they plan to file an amended complaint as a matter of course, Fed. R. Civ. P. 15(a)(1)(B), which would render the motion to dismiss moot. (ECF No. 17.) Thus, Plaintiffs concede to only an extension of the initial scheduling conference by 30 days.

For the benefit of the parties, the Court notes that it will normally not hold the initial scheduling conference until all defendants have appeared and *answered*. It is this Court's

practice to *sua sponte* continue initial scheduling conferences when either a defendant has not appeared or where one or more defendants have filed a dispositive motion.

Turning to Defendant's request, the Court finds that, given that Plaintiff intends to file an amended complaint, a modest extension of the initial scheduling conference is warranted. That said, given the time allowable for Plaintiff to file an amended pleading along with the time allowable for Defendant to answer or otherwise respond (and time to prepare a joint scheduling report), more than 30 days will be required.

As a last point, the Court encourages the parties to work cooperatively in order to avoid litigating administrative issues and involving the Court unless necessary.

Based on the foregoing, the Court GRANTS Defendant's motion in part and CONTINUES the initial scheduling conference to **December 17, 2026, at 2:00 p.m.**

IT IS SO ORDERED.

Dated: **October 14, 2026**

STANLEY A. BOONE
United States Magistrate Judge